UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ARMELLE BONDONGA,<br><br>Petitioner,<br><br>v.<br><br>SAMUEL OLSON Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity,<br>MARKWAYNE MULLIN Secretary, U.S. Department of Homeland Security, in his official capacity,<br>TODD BLANCHE U.S. Attorney General, in his official capacity,<br>SCOTT A MAPLES, JR Clark County Sheriff's Office, Clark County Jail, in his official capacity,<br>DAVID J. VENTURELLA Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,<br><br>Respondents. | No. 4:26-cv-00210-TWP-KMB |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Armelle Bondonga ("Bondonga"). She seeks release from the Clark County Jail, where she is detained on behalf of U.S. immigration officials. For the following reasons, the petition is granted, and the Respondents must immediately release her from detention.

## I. FACTS

Bondonga is a native and citizen of the Democratic Republic of Congo ("DRC"). She entered the United States in 2013 with a tourist visa that was valid through March 9, 2014. (Dkt. 7-1 at 2). She did not leave the United States when her visa expired and she has remained

physically present since lawfully entering the United States as a non-immigrant visitor ("B2") on September 10, 2013.

On November 6, 2025, an immigration judge ordered her removed to DRC. (Dkt. 7-2). Bondonga appealed that order to the Board of Immigration Appeals, and her appeal was summarily dismissed on April 30, 2026. She then filed a motion to reconsider with the Board of Immigration Appeals on May 29, 2026, and that motion is still pending. (Dkt. 1-12; Ex. 1 at 3.)

Bondonga is married to a United States citizen and her husband applied to change her immigration status in February 2026. (Dkt. 5-1 ¶ 43). When she reported to U.S. Immigration and Customs Enforcement officers for an interview on August 12, 2026, ICE officials arrested Bondonga (Dkt. 7-1 at 2). She has been in ICE custody since her arrest.

After filing her petition, Bondonga filed motions in the immigration court to stay her removal and reopen her removal case so she may apply for adjustment of status. (Dkt. 10-1, 10-2, 10-3, 10-4). Nothing in the record reflects that any of these motions have been resolved.

## II. <u>ANALYSIS</u>

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Bondonga argues that her detention violates multiple aspects of federal law, including 8 U.S.C. § 1231 as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Because Bondonga is entitled to release from custody on this basis, the Court does not reach her other arguments.

Because Bondonga is subject to a final removal order, her detention is governed by 8 U.S.C. § 1231. The statute applies two detention schemes—one compulsory and one discretionary—to two distinct time periods.

Section 1231(a)(1) establishes a 90-day "removal period." For purposes of this case, the removal period begins when the noncitizen's removal order "becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Section 1231(a)(1)(A) directs that "the Attorney General shall remove" a noncitizen who has been ordered removed during the 90-day removal period. To facilitate that removal, § 1231(a)(2)(A) directs that the Attorney General "shall detain" the noncitizen during the removal period. If the Attorney General does not remove the noncitizen within the 90-day removal period, the noncitizen "*may* be detained beyond the removal period." 8 U.S.C. § 1231(a)(6) (emphasis added).

At face value, the text of § 1231(a)(6) authorizes the government to detain noncitizens who are subject to removal orders in perpetuity. But a "statute permitting indefinite detention of an alien," the Supreme Court wrote in *Zadvydas*, "would raise a serious constitutional problem." 533 U.S. at 690. This is because civil detention violates the Fifth Amendment unless "a special justification . . . outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

The *Zadvydas* Court reconciled § 1231(a)(6) with the Fifth Amendment by interpreting § 1231(a)(6) as containing an implicit, constitutional limit on post-removal period detention authority. The statute grants the Attorney General authority to detain aliens for the express purpose of facilitating their removal. 533 U.S. at 697. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Likewise, if detention "exceeds a period reasonably necessary to secure removal," then continued detention is no longer authorized by statute." *Id.* at 699–700.

To aid courts in determining when removal is reasonably foreseeable, *Zadvydas* recognized a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. "After this 6-month

period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

The Respondents agree that Bondonga's removal order became administratively final on April 30, 2026 when the BIA dismissed her administrative appeal. (Dkt. 7 at 6). The 90-day removal period has therefore expired, and Bondonga's detention is governed by § 1231(a)(6) as limited by *Zadvydas*.[1]

Bondonga has been detained for less than six months, and her detention is therefore presumptively reasonable under *Zadvydas*. Nevertheless, Bondonga provides specific reasons to find that she is unlikely to be removed in the reasonably foreseeable future. She correctly notes that the record does not include a removal date, a travel document, documentation of any efforts to coordinate removal with the DRC, or even a request from the United States to the DRC to accept Bondonga. (Dkt. 10 at 10). Meanwhile, Bondonga notes that she has initiated proceedings to reopen her removal case and challenge her removal in immigration court.

For their part, the Respondents offer no evidence or even argument to demonstrate that Bondonga is likely to be removed in the reasonably foreseeable future. Indeed, after Bondonga specifically addressed this issue in her reply brief, *see* Dkt. 10 at 10–11, the Respondents made an additional filing—Status Update regarding a bond hearing—but did not rebut her reasons why removal is not likely to occur in the reasonably foreseeable future (Dkt. 11). Instead, the Respondents rely entirely on *Zadvydas*'s six-month presumption. (Dkt. 7 at 7). "But the presumption is just that—a presumption, open to rebuttal." *Uncommon, LLC v. Spigen, Inc.*, 926

[1] Ms. Bondonga argues in her reply that her detention is not authorized by § 1231 at all because the removal period has expired and her removal order does not invoke any of the grounds for inadmissibility or removability cited in § 1231(a)(6). Because she is entitled to relief if her claim is governed by § 1231(a)(6) and *Zadvydas* as the Respondents contend, the Court does not reach this argument.

F.3d 409, 421 (7th Cir. 2019); *see also Arellano v. McDonough*, 598 U.S. 1, 6 (2023) ("The *Irwin* presumption, however, is just that—a presumption. It can be rebutted . . . .").

"[O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Bondonga has held up her end of this standard and offered multiple reasons why removal is unlikely to occur imminently. The government has not held up its end of the standard by responding with evidence that removal in the reasonably foreseeable future is significantly likely.

## III. CONCLUSION

The Amended Petition for Writ of Habeas Corpus, Dkt. [5-1] is **GRANTED**. The Respondents will have **48 hours** to file documentation that they have released Bondonga according to reasonable conditions of supervision.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: October 6, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Hishem Adel Alsalman
Alsalman Law Office PLLC
hishem@alsalmanlaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov